UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHEILA K. BEN, ESQ., as
Court Appointed Guardian of
the Property of JANE DOE,
(an infant proceeding under                    5:14-cv-370
an assumed name), an Infant                    (GLS)
under the Age of 14,

                Plaintiff,

        v.

UNITED STATES OF AMERICA
et al.,

                Defendants.
_____

## ORDER

Plaintiff Sheila K. Ben, Esq., as court appointed guardian of the property of Jane Doe, (an infant proceeding under an assumed name), an infant under the age of fourteen, commenced the instant action against the United States of America, the Federal Probation Office of the Syracuse Office of the Northern District of New York, chief probation officer Matthew Brown, probation officer Steven Acquilano, probation officer Lori Albright, probation officer Ellen Phillips, and Mary and/or John Roes pursuant to the

Federal Tort Claims Act,[1] arising out of certain events that transpired on and around March 14, 2013.

The United States Probation Office is "established pursuant to the direction of Congress as an arm of the United Sates District Court. [I]t is reasonable to view the United States Probation Office itself as a legally constituted arm of the judicial branch." *United States v. Reyes*, 283 F.3d 446, 455 (2d Cir. 2002) (internal quotation marks and citations omitted). Probation officers act as "confidential advis[ors] to the court . . . 'with loyalties to no one but the court.'" *Id.* (quoting Sharon M. Bunzel, *The Probation Officer and the Federal Sentencing Guidelines: Strange Philosophical Bedfellows*, 104 Yale L.J. 933, 945 (1995)).

Because of the close relationship between the judges of the Northern District of New York and the Northern District of New York Probation Office, recusal of all judges within the District is warranted. Accordingly, the court hereby respectfully requests that the Chief Judge of the Second Circuit designate and assign temporarily a district judge from the Western District of New York to preside over this matter until its conclusion pursuant to 28 U.S.C. § 292(b). The Clerk is directed to transmit a copy of this

---

[1] *See* 28 U.S.C. §§ 1346(b), 2671-2680.

Order to the Clerk of the United States Court of Appeals for the Second Circuit.

**IT IS SO ORDERED.**

April 9, 2014
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court